# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| CONSUMERS' RESEARCH; CAUSE BASED COMMERCE, INCORPORATED; KERSTEN CONWAY; SUZANNE BETTAC; ROBERT KULL; KWANG JA KERBY; TOM KIRBY; JOSEPH BAYLY; JEREMY ROTH; DEANNA ROTH; LYNN GIBBS; PAUL GIBBS,<br><br>Petitioners,<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION, UNITED STATES OF AMERICA,<br><br>Respondents. | No. 22-60008 |

**PETITIONERS' OPPOSITION TO RESPONDENTS' MOTION TO HOLD CASE IN ABEYANCE**

# **CERTIFICATE OF INTERESTED PERSONS**

*Consumers' Research et al. v. Federal Communications Commission et al.*

No. 22-60008

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Local Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

   *Petitioners*

1. Consumers' Research. It has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

2. Cause Based Commerce, Incorporated. It has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

3. Kersten Conway

4. Suzanne Bettac

5. Robert Kull

6. Kwang Ja Kerby

7. Tom Kirby

8. Joseph Bayly

9. Jeremy Roth

10. Deanna Roth

11. Lynn Gibbs

12. Paul Gibbs

13. Rhonda Thomas

*Respondents*

14. Federal Communications Commission

15. United States of America

*Intervenors*

16. Benton Institute for Broadband & Society

17. National Digital Inclusion Alliance

18. Center for Media Justice (d/b/a MediaJustice)

19. Schools, Health & Libraries Broadband Coalition

20. National Telecommunications Cooperative Association (d/b/a NTCA – The Rural Broadband Association)

21. Competitive Carriers Association

*Counsel*

22. Boyden Gray & Associates PLLC: C. Boyden Gray, R. Trent McCotter, Jonathan Berry, Michael Buschbacher, and Jared M. Kelson are counsel for Petitioners.

23. Federal Communications Commission: James M. Carr and Jacob M. Lewis are counsel for Respondent FCC.

24. United States Department of Justice: Gerard J. Sinzdak is counsel for Respondent United States of America.

25. Andrew Jay Schwartzman is counsel for Intervenors Benton Institute for Broadband & Society, National Digital Inclusion Alliance, and Center for Media Justice (d/b/a MediaJustice).

26. Harris, Wiltshire & Grannis, LLP: Jason Neal and Stephanie Weiner are counsel for Intervenors Schools, Health & Libraries Broadband Coalition; National Telecommunications Cooperative Association (d/b/a NTCA – The Rural Broadband Association); and Competitive Carriers Association.

Dated: February 23, 2022                     /s/ R. Trent McCotter

                                                                                   R. Trent McCotter

                                                                                   *Counsel of Record for Petitioners*

## INTRODUCTION

Respondents ask the Court to stay this agency review case for a significant period of time—at least six months—to wait for a report the Federal Communications Commission intends to file with Congress in August. This forthcoming report is entirely non-binding: at most it will propose ideas that might or might not ever come to fruition. It will have no legal effect, and it cannot change the agency action that Petitioners challenge in this suit: the FCC's Universal Service Fund First Quarter 2022 contribution rate. Indeed, this forthcoming report is not even required to address the claims Petitioners raise here. The Court should deny Respondents' motion. Alternatively, the Court should order the FCC to respond to Petitioners' agency Comments within 30 days.

## ARGUMENT

Petitioners filed Comments with the FCC on November 19, 2021, and December 21, 2021, challenging the FCC's Universal Service Fund First Quarter 2022 proposed contribution rate, which is ultimately used to collect nearly $10 billion a year via a tax on almost every phone bill in the country, then redistributed by a private company to which the FCC has delegated its limitless statutory power of taxation. *See* Petitioners' Comments (attached to FCC Motion), Fifth Cir. Document Nos. 00516214089 & 00516214090.

But the FCC ignored Petitioners' Comments, and the proposed rate was "deemed approved" through the FCC's inaction. *See* FCC Motion at 6 (citing 47 C.F.R. § 54.709(a)(3)). Petitioners then filed a petition in this Court on January 5, 2022.

A group of Petitioners had previously filed a Comment with the FCC in Fall 2021 challenging the FCC's Universal Service Fund *Fourth Quarter 2021* proposed contribution rate. Petitioners' lawsuit regarding that FCC proceeding is currently pending in the Sixth Circuit. *See Consumers' Research v. FCC*, No. 21-3886 (6th Cir.).[1]

Respondents' motion to this Court begins by suggesting that it is Petitioners' fault the FCC did not respond to Petitioners' Comments filed in November and December 2021. Mot. 8 ("Petitioners anticipated that the FCC would not be able to issue an order addressing petitioners' wide-ranging arguments before the contribution factor took effect. The Commission did not."). But the FCC gave Petitioners only *fourteen days* to raise objections before the First Quarter 2022 rate would be "deemed approved." *Id.* It is hardly fair to establish this scheme and then blame the FCC's lack of response on the Petitioners themselves. It has now been three months since Petitioner's first Comment challenging the First Quarter 2022

---

[1] The FCC has likewise asked the Sixth Circuit to stay its case pending the August 2022 report. That motion has been fully briefed and pending since January 14, 2022.

rate was filed, and the FCC still has not issued any response. Nor has the FCC issued any response to Petitioners' prior Comment (challenging the *Fourth Quarter 2021* rate), which was filed over five months ago. *See* FCC Motion at 5 n.1. This makes clear that the FCC would not have issued a response, regardless of when Petitioners filed their Comments.

This background is relevant because it demonstrates the FCC's lack of interest in preparing timely, substantive responses to Petitioners' arguments, which weighs directly on Respondents' pending request to hold this case in abeyance. This concern is especially worrying given the FCC's history of breezing past deadlines set by Congress. For example, in *Competitive Enterprise Institute v. FCC*, 970 F.3d 372, 379 (D.C. Cir. 2020), the petitioners had "filed a petition for reconsideration" with the FCC, but "the agency failed to act on the petition within the statutory 90-day deadline, *see* 47 U.S.C. § 405(a)," and the FCC ultimately took "two years to issue an order," which consisted of "only four pages of reasoning." *Id.* at 379.

Given these data points, there is a substantially higher-than-baseline risk that the FCC's promised August 2022 deadline for its report to Congress will slide and become something more like a Winter 2022 or Spring 2023 report to Congress. And even if it is timely delivered to Congress, there will still have been a substantial period of delay for this case—at least six months.

The FCC's lack of interest in resolving Petitioners' arguments is a concern for the additional reason that the forthcoming report is not obligated to address *any* of Petitioners' arguments, meaning that the Court could wait a substantial period of time just for a report that is completely irrelevant. To be sure, the FCC says it "intends" to address these arguments, FCC Mot. 9, but they comprise only a few arguments among dozens on which the FCC seeks comment and on which it may or may not issue responses in its forthcoming report. In fact, the FCC's Notice of Intent largely buries these matters in footnote 124, which hardly suggests a strong desire to address them in the forthcoming report. *See* Notice of Intent (attached to FCC Motion), Fifth Cir. Document No. 00516214091.

Moreover, although Respondents' motion is not entirely clear on the matter, it does not appear they have expressly bound themselves to using the FCC's forthcoming report as the designated reasoned decision addressing Petitioners' Comments in this case (that is, even assuming the report addresses Petitioners' arguments at all). This means there is a risk the Court could hold this case in abeyance for six months or longer, and then Respondents nonetheless could argue there still is no reasoned response directly issued in response to Petitioners' Comments, and thus the Court should remand this matter to the FCC so it can issue a response specifically to those agency Comments.

Further, the fact that Congress has asked for a non-binding report from an agency is hardly a basis for staying litigation. Congress and its Committees frequently ask for reports from agencies, and it makes little sense to establish a precedent allowing an agency to stall litigation whenever it wants simply by having friendly members of Congress or on a Committee ask for a non-binding report.

Finally, Respondents claim the FCC's forthcoming report "could render this case moot." FCC Mot. 10. That is exceedingly unlikely. Not only is the forthcoming report entirely non-binding, but Petitioners' lead arguments are that the entire Universal Service Fund, including its statutory bases, is unconstitutional. It beggars belief that the FCC would agree.

The FCC's cited cases are not on-point. *See* FCC Motion at 9. In the first case, the parties filed a "joint motion" to let the agency consider a matter, *Nat'l Parks Conservation Ass'n v. United States Env't Prot. Agency*, 991 F.3d 681, 683 (5th Cir. 2021), but Petitioners here do not consent to the FCC's stay motion. And the other case involved an unusual scenario where the FCC obtained a stay while the FCC considered a pending motion for reconsideration at the agency level, which was prudent as a jurisdictional matter because "'once a party petitions the agency for reconsideration of an order or any part thereof, the entire order is rendered nonfinal as to that party.'" *City of Arlington, Tex. v. FCC*, 668 F.3d 229, 236 (5th Cir. 2012) (quoting *Bellsouth Corp. v. FCC*, 17 F.3d 1487, 1489–90 (D.C. Cir. 1994)).

The Court should deny Respondents' motion. Alternatively, the Court should order the FCC to provide a response to Petitioners' Comments within a reasonable period of time—*e.g.*, 30 days. There is no need to wait six months for a report addressing dozens of issues about the Universal Service Fund when only a small subset is relevant here, especially when that report may not address that relevant subset at all. The better course would be to order the FCC to do what it should have done all those months ago: promptly respond to Petitioners' Comments. This would keep the case moving apace and also ensure there is a reasoned agency response to the Comments, all without the need to wait six or more months for a non-binding and perhaps ultimately irrelevant report.

Dated: February 23, 2022              Respectfully submitted,

                                      /s/ R. Trent McCotter

                                      R. TRENT MCCOTTER
                                        *Counsel of Record*
                                      JONATHAN BERRY
                                      MICHAEL BUSCHBACHER
                                      JARED M. KELSON
                                      BOYDEN GRAY & ASSOCIATES
                                      801 17th St. NW, #350
                                      Washington, DC 20006
                                      (202) 706-5488
                                      mccotter@boydengrayassociates.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitations of Fifth Circuit Rule 27.4 and Federal Rule of Appellate Procedure 27(d)(2) because it contains 1307 words, excluding the portions exempted by Rule 27(a)(2)(B). This brief complies with the typeface and type style requirements of Federal Rule of Appellate Procedure Rule 32(a)(5)–(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman and 14-point font.

Dated: February 23, 2022                    Respectfully submitted,

                                                            /s/ R. Trent McCotter

                                                            *Counsel for Petitioners*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF. All parties in this case are represented by counsel consenting to electronic service.

Dated: February 23, 2022                    Respectfully submitted,

/s/ R. Trent McCotter

*Counsel for Petitioners*