No. 22-60008

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

CONSUMERS' RESEARCH; CAUSE BASED COMMERCE, INCORPORATED; KERSTEN CONWAY; SUZANNE BETTAC; ROBERT KULL; KWANG JA KERBY; TOM KIRBY; JOSEPH BAYLY; JEREMY ROTH; DEANNA ROTH; LYNN GIBBS; PAUL GIBBS; RHONDA THOMAS,

*Petitioners*,

v.

FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES OF AMERICA,

*Respondents*.

Petition for Review of an Order of the
Federal Communications Commission
Agency No. 96-45

**RECORD EXCERPTS**

C. Boyden Gray
R. Trent McCotter
  *Counsel of Record*
Jonathan Berry
Michael Buschbacher
Jared M. Kelson
BOYDEN GRAY & ASSOCIATES
801 17th Street NW., Suite 350
Washington, DC 20006
202-706-5488
mccotter@boydengrayassociates.com
*Counsel for Petitioners*

# CERTIFICATE OF INTERESTED PERSONS

*Consumers' Research et al. v. Federal Communications Commission et al.*
No. 22-60008

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Local Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

*Petitioners*

1. Consumers' Research. It has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

2. Cause Based Commerce, Incorporated. It has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

3. Kersten Conway

4. Suzanne Bettac

5. Robert Kull

6. Kwang Ja Kirby

7. Tom Kirby

8. Joseph Bayly

9. Jeremy Roth

10. Deanna Roth

11. Lynn Gibbs

12. Paul Gibbs

13. Rhonda Thomas

*Respondents*
14. Federal Communications Commission

15. United States of America

*Intervenors*
16. Benton Institute for Broadband & Society

17. National Digital Inclusion Alliance

18. Center for Media Justice (d/b/a MediaJustice)

19. Schools, Health & Libraries Broadband Coalition

20. National Telecommunications Cooperative Association (d/b/a NTCA – The Rural Broadband Association)

21. Competitive Carriers Association

*Counsel*

22. Boyden Gray & Associates PLLC: C. Boyden Gray, R. Trent McCotter, Jonathan Berry, Michael Buschbacher, and Jared M. Kelson are counsel for Petitioners.

23. Federal Communications Commission: James M. Carr and Jacob M. Lewis are counsel for Respondent FCC.

24. United States Department of Justice: Gerard J. Sinzdak is counsel for Respondent United States of America.

25. Andrew Jay Schwartzman is counsel for Intervenors Benton Institute for Broadband & Society, National Digital Inclusion Alliance, and Center for Media Justice (d/b/a MediaJustice).

26. Harris, Wiltshire & Grannis, LLP: Jason Neal and Stephanie Weiner are counsel for Intervenors Schools, Health & Libraries Broadband Coalition; National Telecommunications Cooperative Association (d/b/a NTCA – The Rural Broadband Association); and Competitive Carriers Association.

Dated: April 11, 2022    /s/ R. Trent McCotter
R. Trent McCotter
*Counsel of Record for Petitioners*

## TABLE OF CONTENTS

*Proposed First Quarter 2022 Universal Service Contribution Factor*, CC Docket No. 96-45, DA21-1550 (released December 13, 2021) ................................................................................. Ex. A

# EXHIBIT A

# PUBLIC NOTICE

**Federal Communications Commission**
445 12th St., S.W.
Washington, D.C. 20554

News Media Information 202 / 418-0500
Internet: http://www.fcc.gov
TTY: 1-888-835-5322

---

DA 21-1550
Released:  December 13, 2021

**Proposed First Quarter 2022 Universal Service Contribution Factor**

CC Docket No. 96-45

In this Public Notice, the Office of Managing Director (OMD) announces that the proposed universal service contribution factor for the first quarter of 2022 will be 0.252 or 25.2 percent.[1]

**Rules for Calculating the Contribution Factor**

Contributions to the federal universal service support mechanisms are determined using a quarterly contribution factor calculated by the Federal Communications Commission (Commission).[2] The Commission calculates the quarterly contribution factor based on the ratio of total projected quarterly costs of the universal service support mechanisms to contributors' total projected collected end-user interstate and international telecommunications revenues, net of projected contributions.[3]

**USAC Projections of Demand and Administrative Expenses**

Pursuant to section 54.709(a)(3) of the Commission's rules,[4] the Universal Service Administrative Company (USAC) submitted projections of demand and administrative expenses for the first quarter of 2022.[5]  Accordingly, the projected demand and expenses are as follows:

---

[1] *See* 47 C.F.R. § 54.709(a).

[2] *See id.*

[3] *See* 47 C.F.R. § 54.709(a)(2).

[4] *See* 47 C.F.R. § 54.709(a)(3).

[5] *See* Federal Universal Service Support Mechanisms Fund Size Projections for the First Quarter 2022, available at <https://www.usac.org/fcc-filings> (filed November 2, 2021) (*USAC Filing for First Quarter 2022 Projections*; *See also* Federal Universal Service Support Mechanisms Quarterly Contribution Base for the First Quarter 2022, available at <https://www.usac.org/fcc-filings> (filed December 2, 2021) (*USAC Filing for First Quarter 2022 Contribution Base*).

($ millions)

| Program Demand | Projected Program Support | Admin. Expenses | Application of True-Ups & Adjustments | Total Program Collection (Revenue Requirement) |
|---|---|---|---|---|
| Schools and Libraries | 573.39 | 18.98 | 45.58 | 637.95 |
| Rural Health Care[6] | 0 | 0 | 11.72 | 11.72 |
| High-Cost | 994.00 | 15.30 | 35.22 | 1,044.52 |
| Lifeline | 206.10 | 15.18 | (83.77) | 137.51 |
| Connected Care | 8.33 | 0.17 | 0.71 | 9.21 |
| TOTAL | 1,781.82 | 49.63 | 9.46 | 1,840.91 |

**USAC Projections of Industry Revenues**

USAC submitted projected collected end-user telecommunications revenues for January 2022 through March 2022 based on information contained in the First Quarter 2022 Telecommunications Reporting Worksheet (FCC Form 499-Q).[7] The amount is as follows:

Total Projected Collected Interstate and International End-User Telecommunications Revenues for First Quarter 2022: $9.235846 billion.

**Adjusted Contribution Base**

To determine the quarterly contribution base, we decrease the first quarter 2022 estimate of projected collected interstate and international end-user telecommunications revenues by the projected revenue requirement to account for circularity and decrease the result by one percent to account for uncollectible contributions. Accordingly, the quarterly contribution base for the first quarter of 2022 is as follows:

Adjusted Quarterly Contribution Base for Universal Service Support Mechanism

(First Quarter 2022 Revenues - Projected Revenue Requirement) * (100% - 1%)

---

[6] Rural Health Care administrative costs of $5.94 million are funded within the program cap. *See* Federal Universal Service Support Mechanisms Fund Size Projections for the First Quarter 2022, available at http://www.usac.org/fcc-filings> (filed November 2, 2021) (*USAC Filing for First Quarter 2022 Projections*).

[7] *USAC Filing for First Quarter 2022 Contribution Base* at 4.

2

$$= (\$9.235846 \text{ billion} - \$1.840910 \text{ billion}) * 0.99$$

$$=\$7.320987 \text{ billion}.$$

**Unadjusted Contribution Factor**

Using the above-described adjusted contribution base and the total program collection (revenue requirement) from the table above, the proposed unadjusted contribution factor for the first quarter of 2022 is as follows:

Contribution Factor for Universal Service Support Mechanisms

Total Program Collection / Adjusted Quarterly Contribution Base

$$=\$1.840910 \text{ billion} / \$7.320987 \text{ billion}$$

$$=0.251457$$

**Unadjusted Circularity Factor**

USAC will reduce each provider's contribution obligation by a circularity discount approximating the provider's contributions in the upcoming quarter. Accordingly, the proposed unadjusted circularity factor for the first quarter of 2022 is as follows:

Unadjusted Circularity Factor for Universal Service Support Mechanisms

= Total Program Collection / Projected First Quarter 2022 Revenues
= $1.840910 billion / $9.235846 billion
= 0.199322

**Proposed Contribution Factor**

The Commission has directed OMD to announce the contribution factor as a percentage rounded up to the nearest tenth of one percent.[8] Accordingly, the proposed contribution factor for the first quarter of 2022 is as follows:

---

[8] *See Federal-State Joint Board on Universal Service, 1998 Biennial Regulatory Review – Streamlined Contributor Reporting Requirements Associated with Administration of Telecommunications Relay Service, North American Numbering Plan, Local Number Portability, and Universal Service Support Mechanisms, Telecommunications Services for Individuals with Hearing and Speech Disabilities, and the Americans with Disabilities Act of 1990, Administration of the North American Numbering Plan and North American Numbering Plan Cost Recovery Contribution Factor and Fund Size, Number Resource Optimization, Telephone Number Portability, Truth-in-*

3

25.2%

**<u>Proposed Circularity Discount Factor</u>**

The Commission also has directed OMD to account for contribution factor rounding when calculating the circularity discount factor.[9]  Accordingly, the proposed circularity factor for the first quarter of 2022 is as follows:

0.201049[10]

**<u>Conclusion</u>**

If the Commission takes no action regarding the projections of demand and administrative expenses and the proposed contribution factor within the 14-day period following release of this Public Notice, they shall be deemed approved by the Commission.[11]  USAC shall use the contribution factor to calculate universal service contributions for the first quarter of 2022.  USAC will reduce each provider's contribution obligation by a circularity discount approximating the provider's contributions in the upcoming quarter.[12]  USAC includes contribution obligations less the circularity discount in invoices sent to contributors.  Contribution payments are due on the dates shown on the invoice.  Contributors will pay interest for each day for which the payments are late.  Contributors failing to pay contributions in a timely fashion may be subject to the enforcement provisions of the Communications Act of 1934, as amended, and any other applicable law.  In addition, contributors may be billed by USAC for reasonable costs of collecting overdue contributions.[13]

We also emphasize that carriers may not mark up federal universal service line-item amounts above the contribution factor.[14]  Thus, carriers may not, during the first quarter of 2022, recover through a

---

*Billing and Billing Format*, CC Docket Nos. 96-45, 98-171, 90-571, 92-237, 99-200, 95-116, 98-170, Order and Second Order on Reconsideration, 18 FCC Rcd 4818, 4826, para. 22 (2003) (*Second Order on Reconsideration*).

[9] *Id*.

[10] The proposed circularity discount factor = 1 + [(unadjusted circularity discount factor – 1) * (unadjusted contribution factor / proposed contribution factor)].  The proposed circularity discount factor is calculated in a spreadsheet program, which means that internal calculations are made with more than 15 decimal places.

[11] *See* 47 C.F.R. § 54.709(a)(3).

[12] USAC will calculate each individual contributor's contribution in the following manner: (1-Circulatory Factor) * (Contribution Factor*Revenue)

[13] *See* 47 C.F.R. § 54.713.

[14] *See* 47 C.F.R. § 54.712.

federal universal service line item an amount that exceeds 25.2 percent of the interstate telecommunications charges on a customer's bill.

In addition, under the limited international revenues exception (LIRE) in section 54.706(c) of the Commission's rules, a contributor to the universal service fund whose projected collected interstate end-user telecommunications revenues comprise less than 12 percent of its combined projected collected interstate and international end-user telecommunications revenues shall contribute based only on projected collected interstate end-user telecommunications revenues, net of projected contributions.[15] The rule is intended to exclude from the contribution base the international end-user telecommunications revenues of any entity whose annual contribution, based on the provider's interstate and international end-user telecommunications revenues, would exceed the amount of its interstate end-user revenues.[16] The proposed contribution factor exceeds 12 percent, which we recognize could result in a contributor being required to contribute to the universal service fund an amount that exceeds its interstate end-user telecommunications revenue. Should a contributor face this situation, the contributor may petition the Commission for waiver of the LIRE threshold.[17]

For further information, contact Thomas Buckley at (202) 418-0725 or Kim Yee at (202) 418-0805, TTY (888) 835-5322, in the Office of Managing Director.

---

[15] *See* 47 C.F.R. § 54.706.

[16] *See Federal-State Joint Board on Universal Service*, Sixteenth Order on Reconsideration, CC Docket No. 96-45, Eighth Report and Order, CC Docket No. 96-45, Sixth Report and Order, Docket No. 96-262, 15 FCC Rcd 1679, 1687-1692, paras. 17-29 (1999) (*Fifth Circuit Remand Order*).

[17] Generally, the Commission's rules may be waived for good cause shown. 47 C.F.R. § 1.3. The Commission may exercise its discretion to waive a rule where the particular facts make strict compliance inconsistent with the public interest. *Northeast Cellular Telephone Co. v. FCC*, 897 F.2d 1164, 1166 (D.C. Cir. 1990) (*Northeast Cellular*). In addition, the Commission may consider considerations of hardship, equity, or more effective implementation of overall policy on an individual basis. *WAIT Radio v. FCC*, 418 F.2d 1153, 1159 (D.C. Cir. 1969); *Northeast Cellular*, 897 F.2d at 1166. Waiver of the Commission's rules is therefore appropriate only if special circumstances warrant a deviation from the general rule, and such deviation will serve the public interest. *Northeast Cellular*, 897 F.2d at 1166; 47 C.F.R. § 54.802(a).

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2022, I electronically filed the foregoing document with the Clerk of this Court by using the CM/ECF system, which will serve all parties automatically.

Dated: April 11, 2022

/s/ R. Trent McCotter
R. Trent McCotter
Boyden Gray & Associates
801 17th St NW, #350
Washington, DC 20006
(202) 706-5488