No. 22-60008

# In the United States Court of Appeals for the Fifth Circuit

CONSUMERS' RESEARCH; CAUSE BASED COMMERCE, INCORPORATED; KERSTEN CONWAY; SUZANNE BETTAC; ROBERT KULL; KWANG JA KERBY; TOM KIRBY; JOSEPH BAYLY; JEREMY ROTH; DEANNA ROTH; LYNN GIBBS; PAUL GIBBS; RHONDA THOMAS,

*Petitioners*

vs.

FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES OF AMERICA,

*Respondents*

## MOTION OF TECHFREEDOM FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF PETITIONERS' PETITION FOR REHEARING EN BANC

On Petition for Review from the Federal Communications Commission, CC Docket No. 96-45, DA21-1550

Corbin K. Barthold
Berin Szóka
James E. Dunstan
TECHFREEDOM
1500 K Street NW
Washington, DC 20005
(771) 200-4997
cbarthold@techfreedom.org
*Attorneys for Amicus Curiae TechFreedom*

Under Rule 29(b), Federal Rules of Appellate Procedure, TechFreedom respectfully requests leave to file a brief as amicus curiae in support of rehearing en banc.

TechFreedom is a nonprofit, nonpartisan think tank based in Washington, D.C. It is dedicated to promoting technological progress that improves the human condition. It seeks to advance public policy that makes experimentation, entrepreneurship, and investment possible.

TechFreedom frequently offers expert commentary both on the Universal Service Fund, see, e.g., Comments of TechFreedom, *In re Report on the Future of the Universal Service Fund*, FCC WT Dkt No. 21-476 (Jan. 18, 2022); Jim Dunstan, *The Arrival of the Federal Computer Commission?*, Regulatory Transparency Project, https://bit.ly/3Jm9PCh (Aug. 27, 2021), and on nondelegation, see, e.g., Corbin K. Barthold, *A Path Forward on Nondelegation*, WLF Legal Pulse, https://bit.ly/3LEdfSe (Jan. 31, 2022). In this case, those two issues intersect. Indeed, this case demonstrates why each issue is so important to TechFreedom. The Universal Service Fund plays an important role in ensuring that the benefits of technological innovation are enjoyed widely across the country. But the power to run the Universal Service Fund has been delegated to a federal agency, which has in turn subdelegated that power to a private organization. This double delegation—and, worse, private

- 2 -

delegation—has led to lax oversight, runaway budgets, wasteful spending, and outright fraud. See TechFreedom Panel Stage Br. 9 (lax oversight), 14 (spending growth, waste, and abuse).

TechFreedom's brief will help the Court resolve the petition for rehearing en banc. The panel erred in finding that the FCC "properly subordinates USAC" and, therefore, "has not violated the private nondelegation doctrine." Slip op. 14. The panel found it dispositive that, *in theory*, the FCC could undo any decision made by USAC. As TechFreedom's brief explains, however, one cannot resolve the private delegation issue in this case by looking solely at what the FCC is *technically entitled* to do. There are at least two further questions that need attention. First: may an agency subdelegate power to a private entity without Congress's permission? And second: even if an agency *could* oversee a private entity's use of government power, is the Constitution violated when the agency does not *in fact* engage in such oversight? As TechFreedom's brief shows, both questions involve important issues worthy of the full Court's attention.

- 3 -

All parties have stated that they do not oppose the filing of TechFreedom's brief.

TechFreedom respectfully requests leave to file the attached amicus curiae brief in support of rehearing en banc.

April 28, 2023

Respectfully submitted,

/s/ Corbin K. Barthold
Corbin K. Barthold
Berin Szóka
James E. Dunstan
TECHFREEDOM
1500 K Street NW
Washington, DC 20005
(771) 200-4997
cbarthold@techfreedom.org
*Attorneys for Amicus Curiae TechFreedom*

CERTIFICATE OF SERVICE

On April 28, 2023, this motion was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Circuit Rule 25.2.13; and (2) the document has been scanned with the most recent version of a commercial virus scanning program and is free of viruses.

/s/ Corbin K. Barthold

CERTIFICATE OF COMPLIANCE

I hereby certify:

This brief complies with the type-volume limits of Fed. R. App. P. 27(d)(2)(A) because it contains 412 words, excluding the parts exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced serif typeface, in 14-point font, using Microsoft Office 365.

/s/ Corbin K. Barthold