No. 22-60008

# In the United States Court of Appeals for the Fifth Circuit

CONSUMERS' RESEARCH; CAUSE BASED COMMERCE, INCORPORATED; KERSTEN CONWAY; SUZANNE BETTAC; ROBERT KULL; KWANG JA KERBY; TOM KIRBY; JOSEPH BAYLY; JEREMY ROTH; DEANNA ROTH; LYNN GIBBS; PAUL GIBBS; RHONDA THOMAS,

*Petitioners*

vs.

FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES OF AMERICA,

*Respondents*

## BRIEF OF AMICUS CURIAE TECHFREEDOM IN SUPPORT OF PETITIONERS' PETITION FOR REHEARING EN BANC

On Petition for Review from the Federal Communications Commission, CC Docket No. 96-45, DA21-1550

Corbin K. Barthold
Berin Szóka
James E. Dunstan
TECHFREEDOM
1500 K Street NW
Washington, DC 20005
(771) 200-4997
cbarthold@techfreedom.org
*Attorneys for Amicus Curiae TechFreedom*

CERTIFICATE OF INTERESTED PERSONS

Pursuant to Circuit Rule 29.2, the undersigned counsel of record certifies that the certificate of interested persons in TechFreedom's panel stage amicus brief fully discloses all those with an interest in this amicus brief.

TechFreedom has no parent corporation. No publicly held company has any ownership interest in TechFreedom.

/s/ Corbin K. Barthold

## TABLE OF CONTENTS

**Page**

INTEREST OF AMICUS CURIAE ........................................................1

INTRODUCTION & SUMMARY OF ARGUMENT ...........................1

ARGUMENT ........................................................................................4

I.　Congress Did Not Permit The FCC To Subdelegate Power To USAC ...................................................................4

II.　Even If USAC Is "*Subordinated*" To The FCC, USAC Is Not *Overseen* By The FCC .......................................5

CONCLUSION......................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Free Enterprise Fund v. PCAOB*,
　561 U.S. 477 (2010) ................................................................................... 4

*Freytag v. Comm'r of Internal Revenue*,
　501 U.S. 868 (1991) ................................................................................... 4

*Humphrey's Executor v. United States*,
　295 U.S. 602 (1935) ................................................................................... 4

*Myers v. United States*,
　272 U.S. 52 (1926) ..................................................................................... 4

*Oklahoma v. United States*,
　No. 21-3886 (6th Cir. March 6, 2023) .................................................... 5, 6

*Texas v. Comm'r of Internal Revenue*,
　No. 21-379 (U.S., March 28, 2022) ........................................................... 2

*Texas v. Rettig*,
　987 F.3d 518 (5th Cir. 2021) ..................................................................... 5

*Texas v. Rettig*,
　993 F.3d 408 (5th Cir. 2021) ..................................................................... 5

*Weiss v. United States*,
　510 U.S. 163 (1994) ............................................................................... 4, 5

**Regulations**

47 C.F.R. § 54.709(a)(3) ................................................................................ 7

# TABLE OF AUTHORITIES
# (Cont.)

**Page(s)**

**Other Authorities**

Corbin K. Barthold, *A Path Forward on Nondelegation*,
  WLF Legal Pulse, https://bit.ly/3LEdfSe (Jan. 31, 2022) ................ 1

Comments of TechFreedom, *In re Report on the Future of
  the Universal Service Fund*, FCC WT Dkt No. 21-476
  (Jan. 18, 2022) ............................................................................ 1

Jim Dunstan, *The Arrival of the Federal Computer
  Commission?*, Regulatory Transparency Project,
  https://bit.ly/3Jm9PCh (Aug. 27, 2021) ............................................ 1

## INTEREST OF AMICUS CURIAE*

TechFreedom is a nonprofit, nonpartisan think tank based in Washington, D.C. It is dedicated to promoting technological progress that improves the human condition. It seeks to advance public policy that makes experimentation, entrepreneurship, and investment possible.

TechFreedom frequently offers expert commentary both on the Universal Service Fund, see, e.g., Comments of TechFreedom, *In re Report on the Future of the Universal Service Fund*, FCC WT Dkt No. 21-476 (Jan. 18, 2022); Jim Dunstan, *The Arrival of the Federal Computer Commission?*, Regulatory Transparency Project, https://bit.ly/3Jm9PCh (Aug. 27, 2021), and on nondelegation, see, e.g., Corbin K. Barthold, *A Path Forward on Nondelegation*, WLF Legal Pulse, https://bit.ly/3LEdfSe (Jan. 31, 2022).

## INTRODUCTION & SUMMARY OF ARGUMENT

"This case presents a fundamental question about the limits on the Federal Government's authority to delegate its powers to private actors." *Texas v. Comm'r of Internal Revenue*, No. 21-379 (U.S., March 28, 2022)

---

* No party's counsel authored any part of this brief. No one, apart from TechFreedom and its counsel, contributed money intended to fund the brief's preparation or submission.

(statement of Alito, J., joined by Thomas and Gorsuch, JJ., respecting denial of certiorari).

Congress established the Universal Service Fund in order to "facilitate[e] … broad access to telecommunications services across the country." Slip op. 2. "The USF accomplishes this goal by raising funds which are later distributed to people, entities, and projects to expand and advance telecommunications services in the nation." *Id*. Congress "entrusted [the USF's] administration to the Federal Communications Commission." *Id*. Without Congress's permission, however, the FCC in turn passed the management of the USF to "a private entity, the Universal Service Administrative Company." *Id*. It is USAC, not the FCC, that first determines what "periodic contributions to the USF" shall be made by "telecommunications carriers." *Id*. USAC's budget proposals are deemed approved by the FCC "after fourteen days of agency inaction." *Id*.

The FCC's subdelegation of authority to USAC is unconstitutional. In our brief at the panel stage, we set out why this is so. By transferring legislative authority to a private entity, we explained, subdelegation violates Article I of the Constitution. TechFreedom Panel Stage Br. 6-10. By letting private actors wield that authority, we continued, subdelegation offends the constitutional principle of representative

democracy. *Id.* at 10-13. And by its very nature, we added, subdelegation encourages wasteful spending and unaccountable governance. *Id.* at 13-15. The improper subdelegation to USAC cannot be rescued, we noted, by procedural requirements placed on USAC by the FCC. *Id.* at 15-17. Anyone interested in exploring these issues further should consult that brief.

The panel erred in finding that the FCC "properly subordinates USAC" and, therefore, "has not violated the private nondelegation doctrine." Slip op. 14. The panel found it dispositive that, *in theory*, the FCC could undo any decision made by USAC. One cannot resolve the private delegation issue in this case, however, by looking solely at what the FCC is *technically entitled* to do. At least two further questions need attention. First: may an agency subdelegate power to a private entity without Congress's permission? And second: even if an agency *could* oversee a private entity's use of government power, is the Constitution violated when the agency does not *in fact* engage in such oversight?

The full Court should grant en banc review and consider both questions.

## ARGUMENT

### I. Congress Did Not Permit The FCC To Subdelegate Power To USAC

Congress gave the FCC immense and open-ended authority to run the USF. That's problematic. But at least it's *what Congress did*. What Congress *did not* do was authorize the FCC to hand the task of managing that immense and open-ended authority to a private organization.

The "manipulation of official appointments" was "one of the American revolutionary generation's greatest grievances" against the British monarchy. *Freytag v. Comm'r of Internal Revenue*, 501 U.S. 868, 883 (1991). The Framers were "concern[ed]," therefore, about the possibility "that the President might attempt unilaterally to create and fill federal offices." *Weiss v. United States*, 510 U.S. 163, 188 n.2 (1994) (Souter, J., concurring). They wanted those who structured the federal government to be "accountable to political force and the will of the people." *Freytag*, 501 U.S. at 884. That is why "Congress has plenary control over the salary, duties, and even existence of executive offices." *Free Enterprise Fund v. PCAOB*, 561 U.S. 477, 500 (2010); see also *Myers v. United States*, 272 U.S. 52, 129 (1926), overruled on other grounds, *Humphrey's Executor v. United States*, 295 U.S. 602 (1935). "The power

to create federal offices," the "Framers … assumed," would "belong to Congress." *Weiss*, 510 U.S. at 184 (Souter, J., concurring).

"The delegation" of power to USAC "was effectuated not by Congress, but at the whim of an agency—and without Congressional blessing of any kind." *Texas v. Rettig*, 993 F.3d 408, 410 (5th Cir. 2021) (Ho, J., joined by Jones, Smith, Elrod, and Duncan, JJ., dissenting from denial of rehearing en banc). This was improper. An agency has no authority "to *re*-delegate [its] power out to a private entity." *Id.* at 415.

Circuit precedent foreclosed consideration of this important point at the panel stage. See *Texas v. Rettig*, 987 F.3d 518, 530 (5th Cir. 2021). The full Court should grant en banc review and take up the question. Private delegation is bad enough. Private delegation absent congressional approval is intolerable.

## II. Even If USAC Is "*Subordinated*" To The FCC, USAC Is Not *Overseen* By The FCC

Writing for the Sixth Circuit, Judge Sutton recently affirmed that, "*at a minimum*, a private entity must be subordinate to a federal actor in order to withstand a non-delegation challenge." *Oklahoma v. United States*, No. 21-3886, slip op. at 9 (6th Cir. March 6, 2023) (emphasis added). "Whether subordination always suffices to withstand a

challenge," Judge Sutton went on, "raises complex separation of powers questions." *Id*. Those questions were not raised in the case before the Sixth Circuit; but they are squarely raised here.

True, the FCC has *issued regulations* that "subordinate[] USAC to the FCC." Slip. op. 14. But that is the kind of "subordination" that may not "always suffice[]" to "withstand a non-delegation challenge." *Oklahoma*, No. 21-3886, slip op. at 9. In taking the next step, and declaring that the FCC *in fact* "wholly subordinates USAC," slip op. 14, the panel conflated legal subordination with actual oversight. Yet nothing in the panel's brief analysis of private delegation establishes that the FCC engages in genuine oversight of USAC. To wit:

- The panel said that USAC "proposals"—read: demands for large sums of money from regulated entities—"are not binding" until "the FCC approves them." Slip op. 14. But "the FCC has a long track record of serving simply as a conduit through which USAC's decisions flow." TechFreedom Panel Stage Br. 9. "The FCC appears never to have rejected a USAC budget." *Id*.

- The panel said that "the FCC permits telecommunications carriers to challenge USAC proposals … and often grants relief to those challenges." Slip op. 14. But that review is cursory at best. The FCC "summarily resolv[es] dozens of challenges to

USAC policy determinations" at a stroke, in orders that offer little or no justification for the FCC's decisions. TechFreedom Panel Stage Br. 16.

- The panel said that the FCC "reviews" USAC proposals, giving them "independent consideration" before "us[ing]" them. Slip op. 14. Who says? "The FCC need not … review and approve USAC's work: A quarterly budget submitted by USAC … is '*deemed* approved' by the FCC after fourteen days of inaction. 47 C.F.R. § 54.709(a)(3) (emphasis added)." TechFreedom Panel Stage Br. 9. Because the FCC need not show its work—need not, for that matter, even issue a summary order—when it approves a USAC demand, there is no way to tell whether it "reviews" and "independent[ly] consider[s]" the work of USAC.

The full Court should grant en banc review and decide whether the FCC's extraordinarily lax oversight of USAC renders its subdelegation of authority to USAC unconstitutional.

## CONCLUSION

The petition should be granted.

April 25, 2023

                                      Respectfully submitted,

                                      /s/ Corbin K. Barthold
                                      Corbin K. Barthold
                                      Berin Szóka
                                      James E. Dunstan
                                      TECHFREEDOM
                                      1500 K Street NW
                                      Washington, DC 20005
                                      (771) 200-4997
                                      cbarthold@techfreedom.org
                                      *Attorneys for Amicus Curiae*
                                      *TechFreedom*

CERTIFICATE OF SERVICE

On April 25, 2023, this brief was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Circuit Rule 25.2.13; and (2) the document has been scanned with the most recent version of a commercial virus scanning program and is free of viruses.

/s/ Corbin K. Barthold

CERTIFICATE OF COMPLIANCE

I hereby certify:

This brief complies with the type-volume limits of Circuit Rule 29.3 because it contains 1,333 words, excluding the parts exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced serif typeface, in 14-point font, using Microsoft Office 365.

/s/ Corbin K. Barthold