IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | | |
|---|---|---|
| CONSUMERS' RESEARCH; CAUSE BASED COMMERCE, INCORPORATED; KERSTEN CONWAY; SUZANNE BETTAC; ROBERT KULL; KWANG JA KERBY; TOM KIRBY; JOSEPH BAYLY; JEREMY ROTH; DEANNA ROTH; LYNN GIBBS; PAUL GIBBS, RHONDA THOMAS | ) ) ) ) ) ) ) ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | No. 22-60008 |
| FEDERAL COMMUNICATIONS COMMISSION, UNITED STATES OF AMERICA, | ) ) ) ) | |
| Respondents. | ) ) | |

**PETITIONERS' OPPOSITION TO RESPONDENTS'
MOTION TO DISMISS**

# **CERTIFICATE OF INTERESTED PERSONS**

*Consumers' Research et al. v. Federal Communications Commission et al.*
No. 22-60008

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Local Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

*Petitioners*

1. Consumers' Research. It has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

2. Cause Based Commerce, Incorporated. It has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

3. Kersten Conway

4. Suzanne Bettac

5. Robert Kull

6. Kwang Ja Kirby

7. Tom Kirby

8. Joseph Bayly

9. Jeremy Roth

10. Deanna Roth

11. Lynn Gibbs

12. Paul Gibbs

13. Rhonda Thomas

*Respondents*

14. Federal Communications Commission

15. United States of America

*Intervenors*

16. Benton Institute for Broadband & Society

17. National Digital Inclusion Alliance

18. Center for Media Justice (d/b/a MediaJustice)

19. Schools, Health & Libraries Broadband Coalition

20. National Telecommunications Cooperative Association (d/b/a NTCA – The Rural Broadband Association)

21. Competitive Carriers Association

22. USTelecom – The Broadband Association

*Counsel*

23. Boyden Gray PLLC: R. Trent McCotter, Jonathan Berry, Michael Buschbacher, and Jared M. Kelson are counsel for Petitioners.

24. Federal Communications Commission: James M. Carr and Jacob M. Lewis are counsel for Respondent FCC.

25. United States Department of Justice: Gerard J. Sinzdak is counsel for Respondent United States of America.

26. Andrew Jay Schwartzman is counsel for Intervenors Benton Institute for Broadband & Society, National Digital Inclusion Alliance, and Center for Media Justice (d/b/a MediaJustice).

27. HWG, LLP: Jason Neal is counsel for Intervenors Schools, Health & Libraries Broadband Coalition.

28. Wilkinson, Barker & Knauer LLP: Jennifer Tatel and Craig Gilmore are counsel for USTelecom – The Broadband Association; National Telecommunications Cooperative Association (d/b/a NTCA – The Rural Broadband Association); and Competitive Carriers Association.

/s/ R. Trent McCotter
R. Trent McCotter
*Counsel of Record for Petitioners*

## INTRODUCTION

After litigating this case for nearly 2.5 years, including through *en banc* briefing and oral argument, Respondents ask this Court to dismiss the case on preclusion grounds because the Supreme Court recently denied certiorari in two cases arising out of the Sixth and Eleventh Circuits that likewise involved nondelegation challenges to the Universal Service Fund. The motion to dismiss is without merit and raises concerns of gamesmanship.

Respondents convinced the Supreme Court to deny certiorari in those other two cases by telling that Court to wait for *this* Court's *en banc* decision. *See* Br. in Opp'n 17–18, *Consumers' Research v. FCC*, Nos. 23-456, 23-743 (U.S. May 3, 2024) ("[T]he en banc Fifth Circuit has not yet issued its decision in that case. Once it does so, the parties can determine whether to seek, and this Court can determine whether to grant, certiorari to review that decision. For now, however, the absence of any circuit conflict counsels in favor of denying the petitions for writs of certiorari.").

Having obtained their requested denials of certiorari in the other cases, Respondents now claim those denials require this Court to dismiss

1

the *en banc* case itself. It seems Respondents' position may have been nothing more than a litigation stratagem to try and prevent the Supreme Court from *ever* reviewing this Court's *en banc* decision.

Even setting aside appearances, Respondents' invocation of issue preclusion here is foreclosed under this Court's precedent. And even if the Court had concerns about preclusion, it could simply consolidate this case with a newly filed petition with additional parties who are not precluded even under the government's theory.

## BACKGROUND

As the Court is aware, this case raises nondelegation and private nondelegation claims arising out of the Federal Communications Commission's Universal Service Fund. Each quarter, a new tax rate is announced for the USF, providing a new opportunity for challengers to sue. *See, e.g.*, *Consumers' Rsch. v. FCC*, 67 F.4th 773, 786–87 (6th Cir. 2023); *Consumers' Rsch. v. FCC*, 63 F.4th 441, 446–47 (5th Cir.), *reh'g en banc granted, opinion vacated*, 72 F.4th 107 (5th Cir. 2023).

Challengers lost at the Sixth and Eleventh Circuits, albeit over two strong concurrences at the latter court. *Consumers' Rsch.*, 67 F.4th 773; *Consumers' Rsch. v. FCC*, 88 F.4th 917 (11th Cir. 2023); *id.* at 928

2

(Newsom, J., concurring in judgment); *id.* at 938 (Lagoa, J., concurring). Challengers initially lost before this Court, *see* 63 F.4th 441, but rehearing *en banc* was granted, and the Court heard oral argument in September 2023. No opinion has yet issued.

In the meantime, the challengers sought Supreme Court review of the Sixth and Eleventh Circuits' decisions. *See Consumers' Rsch.*, Nos. 23-456, 23-743 (U.S.). Respondents received a combined *eight* extensions of time to respond to those petitions, often stressing that Respondents were waiting to see how this *en banc* Court ruled. *See, e.g.*, Motion for Extension, *Consumers' Rsch.*, No. 23-456 (U.S. Mar. 11, 2024) ("This extension is necessary because the U.S. Court of Appeals for the Fifth Circuit has granted rehearing en banc in a parallel case, *Consumers' Research v. FCC*, No. 22-60008 (argued Sept. 19, 2023). The Fifth Circuit's decision could affect the resolution of the petition for a writ of certiorari in this case.").

When Respondents finally filed a brief in opposition, they told the Supreme Court that it should deny the two pending petitions but then decide separately "whether to grant[] certiorari to review" this Court's *en*

3

*banc* decision "[o]nce" it is issued. Br. in Opp'n 17–18, *Consumers' Rsch.*, Nos. 23-456, 23-743 (U.S. May 3, 2024).

On June 10, 2024, the Supreme Court denied the certiorari petitions arising from the Sixth and Eleventh Circuits. Respondents then promptly moved to dismiss the very same case they had told the Supreme Court to wait for.

**ARGUMENT**

Respondents contend that because the list of challengers in those two recently denied certiorari petitions from the Sixth and Eleventh Circuits includes the Petitioners also present in this Court's *en banc* case, this Court must dismiss this case on preclusion grounds. That is wrong, and the Court should deny Respondents' motion.

**I. Issue Preclusion Is Inappropriate Under This Court's Precedent.**

Issue preclusion may prevent the same party from relitigating an issue when "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision." *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 290 (5th Cir. 2005) (en banc).

This Court has recognized, however, that the test is more nuanced when it comes to issues of law. As Judge Costa explained for the Court, even when a suit "checks all three boxes" for issue preclusion, "something seems amiss" in applying issue preclusion to repeat litigants who are involved in suits in different circuits. *In re Westmoreland Coal Co.*, 968 F.3d 526, 532 (5th Cir. 2020). "If one circuit's resolution of a legal issue is binding when the losing litigant has a case in another circuit, how would circuit splits develop with repeat litigants (like the Trustees here or, perhaps most often, the federal government)?" *Id.*

The Court in *Westmoreland* recognized that "[p]reclusion does not apply if the issue is one of law and treating it as conclusively determined would inappropriately foreclose opportunity for obtaining reconsideration of the legal rule upon which it was based." *Id.* (cleaned up). Most relevant here, *Westmoreland* held that "issue preclusion is usually inappropriate … when the issue was previously decided by a coordinate court of appeals or when the issue is of public importance but the highest court that can resolve it has not done so." *Westmoreland*, 968 F.3d at 532.

5

Petitioners satisfy both of those disjunctive provisions, making preclusion doubly improper. Respondents seek to invoke their wins in the Sixth and Eleventh Circuits to preclude review of legal issues in a different circuit, and those issues are undoubtedly of public importance (as confirmed by this Court's grant of *en banc* review), but have not yet been resolved by the Supreme Court. Indeed, Respondents fought to prevent the Supreme Court from resolving those issues.[1]

Issue preclusion is therefore improper here, especially given that Respondents procured the denials of certiorari in the Sixth and Eleventh Circuit cases in part by teasing the Supreme Court with the prospect of future merits review in *this case*, which Respondents now try to prevent.

---

[1] *Westmoreland* involved non-mutual preclusion, but the same rule applies generally. *See Gruver v. La. Bd. of Supervisors*, 959 F.3d 178, 182 n.3 (5th Cir. 2020) ("[I]ssue preclusion does not typically apply to pure questions of law[.]"); *Pharm. Care Mgmt. Ass'n v. District of Columbia*, 522 F.3d 443, 446–47 (D.C. Cir. 2008); *Af-Cap, Inc. v. Chevron Overseas (Congo) Ltd.*, 475 F.3d 1080, 1086 (9th Cir. 2007). The Ninth Circuit has also noted that the "importance of developing the law" in a particular area is another factor against applying issue preclusion to legal conclusions, which applies with equal strength here. *Gupta v. Thai Airways Int'l Ltd.*, 487 F.3d 759, 767 n.12 (9th Cir. 2007).

Additionally, to the extent that each new quarter is framed as presenting a *different* challenge to a *different* FCC proceeding,[2] that only provides another basis for denying Respondents' motion, as issue preclusion requires that the issue have been "identical" and that it have been "actually litigated" in the prior suits, *Pace*, 403 F.3d at 290.

There are also serious concerns about the finality of the denials of certiorari arising out of the Sixth and Eleventh Circuits, as Petitioners have asked the Supreme Court to grant rehearing of those denials on the basis that Respondents are attempting to use them to preclude both this Court and the Supreme Court from ever considering the merits in this *en banc* proceeding. *See* Pets. for Reh'g, *Consumers' Rsch.*, Nos. 23-456, 23-743 (U.S. June 18, 2024).

Under the Supreme Court's rules, those rehearing requests operate to stay the issuance of the Supreme Court's judgments. Sup. Ct. R. 45.3; *Supreme Court Practice* 15-27 (11th ed. 2019) ("[A] timely petition for

---

[2] *See Consumers' Rsch.*, 67 F.4th at 786 ("Every quarter, the FCC reapplies 47 C.F.R. § 54.709 to determine a new contribution factor for the next quarter and impose a new legal obligation."); *Consumers' Rsch.*, 63 F.4th at 446 ("Each approval consummates the FCC's decisionmaking process for that quarter and, thus, allows for a constitutional challenge if that challenge is brought within the sixty-day time limit.").

7

rehearing operates as an automatic ... stay of sending down the judgment (in a federal case), until the Court disposes of the petition for rehearing.").

In any event, issue preclusion is not jurisdictional, *see Gruver*, 959 F.3d at 182 n.3, and thus this Court is not required to apply it and could deny Respondents' motion on that basis alone.

For all these reasons, the motion to dismiss should be denied.

**II. If the Court Has Concerns, It Should Simply Consolidate This Petition with a Newly Filed Petition Featuring New Petitioners.**

On June 26, 2024, the FCC deemed approved the next USF rate, covering the Third Quarter of 2024.[3] Earlier today (June 27), Petitioners filed a new petition with this Court challenging that new quarterly rate.[4] This new petition includes several petitioners who have never previously been involved in this litigation (i.e., James Romeo and Cody Carnett).

These new petitioners pay the USF fee each month on their phone bills, and even under the FCC's test they are not precluded by any prior rulings because they did not "have ... a prior full and fair opportunity to

---

[3] *Proposed Third Quarter 2024 Universal Service Contribution Factor*, CC Docket No. 96-45, DA 24-557 (rel. June 12, 2024) (deemed effective 14 days after release).

[4] The new petition has not yet been assigned a docket number. A copy is attached as Exhibit 1.

8

litigate their claims." *Hardy v. Johns-Manville Sales Corp.*, 681 F.2d 334, 338 (5th Cir. 1982) (quotation marks omitted). The new petitioners also participated in the agency proceedings related to the Third Quarter 2024 USF rate.[5]

If the Court has concerns about preclusion, it should simply consolidate the *en banc* case (No. 22-60008) with the new petition, and deem the *en banc* briefing to apply in both cases.[6] The Court could then provide the parties with an opportunity to submit short letter briefs explaining any bases on which the two cases may differ.

Getting to this point has taken nearly 2.5 years of litigation in this Court. There is no reason for the Court and the parties to reinvent the wheel when another case without any possible preclusion concerns is already pending and could easily be consolidated.

---

[5] *See* Comments and Objections of Consumers' Research et al., CC Docket No. 96-45, DA 24-557 (June 14, 2024), https://www.fcc.gov/ecfs/document/10614740710872/1.

[6] Petitioners' counsel proposed this option to Respondents, who nonetheless moved forward with filing the motion to dismiss.

## CONCLUSION

The Court should deny the motion to dismiss.

Dated: June 27, 2024　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/ R. Trent McCotter

　　　　　　　　　　　　　　　　　　R. TRENT MCCOTTER
　　　　　　　　　　　　　　　　　　　*Counsel of Record*
　　　　　　　　　　　　　　　　　　JONATHAN BERRY
　　　　　　　　　　　　　　　　　　MICHAEL BUSCHBACHER
　　　　　　　　　　　　　　　　　　JARED M. KELSON
　　　　　　　　　　　　　　　　　　BOYDEN GRAY PLLC
　　　　　　　　　　　　　　　　　　801 17th St. NW, #350
　　　　　　　　　　　　　　　　　　Washington, DC 20006
　　　　　　　　　　　　　　　　　　(202) 706-5488
　　　　　　　　　　　　　　　　　　tmccotter@boydengray.com

# CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitations of Fifth Circuit Rule 27.4 and Federal Rule of Appellate Procedure 27(d)(2) because it contains 1809 words, excluding the portions exempted by Rule 27(a)(2)(B).

This brief complies with the typeface and type style requirements of Federal Rule of Appellate Procedure Rule 32(a)(5)–(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Century Schoolbook and 14-point font.

                                           Respectfully submitted,

                                           /s/ R. Trent McCotter

                                           *Counsel for Petitioners*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF. All parties in this case are represented by counsel consenting to electronic service.

Respectfully submitted,

/s/ R. Trent McCotter

*Counsel for Petitioners*