# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| CONSUMERS' RESEARCH; CAUSE BASED COMMERCE, INCORPORATED; KERSTEN CONWAY; SUZANNE BETTAC; ROBERT KULL; KWANG JA KERBY; TOM KIRBY; JOSEPH BAYLY; JEREMY ROTH; DEANNA ROTH; LYNN GIBBS; PAUL GIBBS, | ) ) ) ) ) ) ) ) ) |
| Petitioners, | ) ) |
| v. | ) No. 22-60008 ) |
| FEDERAL COMMUNICATIONS COMMISSION, UNITED STATES OF AMERICA, | ) ) ) ) |
| Respondents. | ) ) |

## PETITIONERS' MOTION FOR SUPPLEMENTAL BRIEFING ON REMAND FROM THE SUPREME COURT

1

# **CERTIFICATE OF INTERESTED PERSONS**

*Consumers' Research et al. v. Federal Communications Commission et al.*
No. 22-60008

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Local Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

*Petitioners*

1. Consumers' Research. It has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

2. Cause Based Commerce, Incorporated. It has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

3. Kersten Conway

4. Suzanne Bettac

5. Robert Kull

6. Kwang Ja Kirby

7. Tom Kirby

8. Joseph Bayly

9. Jeremy Roth

10. Deanna Roth

11. Lynn Gibbs

12. Paul Gibbs

13. Rhonda Thomas

*Respondents*

14. Federal Communications Commission

15. United States of America

*Intervenors*

16. Benton Institute for Broadband & Society

17. National Digital Inclusion Alliance

18. Center for Media Justice (d/b/a MediaJustice)

19. Schools, Health & Libraries Broadband Coalition

20. National Telecommunications Cooperative Association (d/b/a NTCA – The Rural Broadband Association)

21. Competitive Carriers Association

*Counsel*

22. Boyden Gray PLLC: C. Boyden Gray, R. Trent McCotter, Jonathan Berry, Michael Buschbacher, and Jared M. Kelson are counsel for Petitioners.

23. Federal Communications Commission: James M. Carr, Adam Crews, and Jacob M. Lewis are counsel for Respondent FCC.

24. United States Department of Justice: Gerard J. Sinzdak is counsel for Respondent United States of America.

25. Andrew Jay Schwartzman is counsel for Intervenors Benton Institute for Broadband & Society, National Digital Inclusion Alliance, and Center for Media Justice (d/b/a MediaJustice).

26. Harris, Wiltshire & Grannis, LLP (HWG LLP): Jason Neal and Stephanie Weiner are or have been counsel for Intervenors Schools, Health & Libraries Broadband Coalition.

27. Wilkinson, Barker & Knauer LLP: Jennifer Tatel and Craig Gilmore are or have been counsel for USTelecom – The Broadband Association; National Telecommunications Cooperative Association (d/b/a NTCA – The Rural Broadband Association); and Competitive Carriers Association.

/s/ R. Trent McCotter
R. Trent McCotter
*Counsel of Record for Petitioners*

## INTRODUCTION

This Court, sitting *en banc*, previously held that the contribution mechanism for the Federal Communications Commission's Universal Service Fund violates Article I's nondelegation principles. *See Consumers' Rsch. v. FCC*, 109 F.4th 743 (5th Cir. 2024) (*en banc*).

The Supreme Court recently reversed that decision and "remand[ed] for further proceedings." *FCC v. Consumers' Rsch.*, No. 24-354, 2025 WL 1773630, at *19 (U.S. June 27, 2025). The Supreme Court's opinion, however, did not resolve every question before this Court. In particular, the majority expressly declined to address whether 47 U.S.C. §§ 254(c)(3) and (h)(2) violate the intelligible-principle test, and the dissenting Justices stated this Court could address that issue on remand—a point with which the majority opinion expressed no disagreement. In fact, as noted, the majority expressly remanded for "further proceedings." *Id*.

As explained below, supplemental briefing on that question would aid this Court, and Petitioners respectfully request that the *en banc* Court order simultaneous supplemental briefs not to exceed 3,000 words per side, due 30 days after this Court's order granting leave. The *en banc* Court could then decide whether to hold oral arguments on this issue or any others the Court wishes to address on remand.

## ARGUMENT

The Supreme Court's majority opinion rejected the argument that the Universal Service Fund's "contribution scheme generally is unconstitutional," but the majority acknowledged it had "no occasion to address any nondelegation issues raised by Sections 254(c)(3) and (h)(2) in particular" because doing so was unnecessary to reverse this Court's rationale, *Consumers' Rsch.*, 2025 WL 1773630, at *14 n.9, and the government's merits briefing at the Supreme Court never cited those particular subsections, let alone as a basis for overturning this Court's decision.

Sections 254(c)(3) and (h)(2) "authorize the FCC to fund 'advanced' and 'additional' services," *id.*, which "go above the baseline of what's been considered universal service" and "without regard to whether they satisfy the four factors outlined in § 254(c)(1)," which the majority had construed to impose meaningful "qualitative" limitations on the FCC's otherwise-broad power to raise revenue, *id.* at *27 (Gorsuch, J., dissenting).

Supplemental briefing on remand regarding the constitutionality of §§ 254(c)(3) and (h)(2) is appropriate for several reasons.

*First*, the Supreme Court's majority opinion expressly left open this question, and thus—as Justices Gorsuch, Thomas, and Alito explained—Petitioners "remain free on remand, or in a future proceeding, to renew their attack on the constitutionality of whatever contributions the FCC demands for its subsection (c)(3)

and (h)(2) programs." *Id.* at *35. The majority never disputed that proposition and also expressly "remand[ed] for further proceedings," *id.* at *19 (majority op.).[1]

*Second*, supplemental briefing would demonstrate there is strong merit to the claim that §§ 254(c)(3) and (h)(2) are unconstitutional under the intelligible-principle test. The dissent explained that "the Court is unwilling to say that [§§ 254(c)(3) and (h)(2)] impose a 'qualitative' cap—and understandably so," because "[w]hen it comes to deciding what programs to fund under § 254(c)(3) and § 254(h)(2), the FCC is unconstrained by any of the subsection (c)(1) factors the Court rewrites and leans on so heavily today." *Id.* at *34 (Gorsuch, J., dissenting).

In other words, the majority had saved most of §§ 254 by "rewrit[ing]" parts of it to impose meaningful "qualitative" limits on raising revenue, but the majority could not do so for §§ 254(c)(3) and (h)(2)—and thus left those matters for subsequent proceedings. *Id.* This was an "unmistakbl[e]" "signal[]" that "there are some abdications of congressional authority, including in the very statute before us, that the present majority isn't prepared to stomach." *Id.* at *25. "[T]hat in itself is a notable development: Today marks the first time in a long time that the Court has

---

[1] That is not boilerplate language. The Supreme Court routinely "reverse[s]" without noting a remand for further proceedings. *See, e.g.*, *City & Cnty. of San Francisco, Cal. v. EPA*, 145 S. Ct. 704, 720 (2025) ("The judgment of the Ninth Circuit is reversed. It is so ordered."); *Tyler v. Hennepin Cnty., Minn.*, 598 U.S. 631, 648 (2023) ("The judgment of the Court of Appeals for the Eighth Circuit is reversed. It is so ordered.").

confronted a statutory delegation and found no way to save it." *Id.* at *35. That matter is certainly worthy of further development and consideration.

*Third*, the parties' prior briefing at this Court addressed a wide array of arguments, and although §§ 254(c)(3) and 254(h) were covered,[2] additional briefing is warranted to consider how to apply the Supreme Court's opinion to those provisions now that the majority and dissenting Justices have narrowed this Court's nondelegation focus.

## CONCLUSION

The *en banc* Court should grant this motion and order simultaneous supplemental briefs on whether 47 U.S.C. §§ 254(c)(3) and (h)(2) violate the nondelegation doctrine. Petitioners request that the briefs be limited to 3,000 words per side and due 30 days after the date of the Court's order granting this motion.

Respondents and Intervenors oppose this requested relief.

---

[2] In their *en banc* brief, for example, Petitioners explained that "the government's invocation of § 254(c)(3) is off base because that provision says only that the FCC 'may designate additional services.' Allowing the FCC to *expand* services in no way creates a *limit* on the FCC's revenue-raising power." Pet.En.Banc.Br.47 (emphases in original); *see also id.* at 50–51 (addressing government's reference to § 254(h)). The government abandoned the argument before the Supreme Court.

July 8, 2025                          Respectfully submitted,

/s/ R. Trent McCotter
R. Trent McCotter
  *Counsel of Record*
Jonathan Berry
Michael Buschbacher
Jared M. Kelson
BOYDEN GRAY PLLC
800 Connecticut Ave. NW, Suite 900
Washington, DC 20006
202-706-5488
tmccotter@boydengray.com
*Counsel for Petitioners*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief complies with the type-volume limitations of Fifth Circuit Rule 27.4 and Federal Rule of Appellate Procedure 27(d)(2) because it contains 890 words, excluding the portions exempted by Rule 27(a)(2)(B). This brief complies with the typeface and type style requirements of Federal Rule of Appellate Procedure Rule 32(a)(5)–(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman and 14-point font.

Respectfully submitted,

/s/ R. Trent McCotter

*Counsel for Petitioners*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF. All parties in this case are represented by counsel consenting to electronic service.

Respectfully submitted,

/s/ R. Trent McCotter

*Counsel for Petitioners*