No. 22-60008

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

CONSUMERS' RESEARCH, et al.

*Petitioners,*

v.

FEDERAL COMMUNICATIONS COMMISSION and
UNITED STATES OF AMERICA,

*Respondents.*

On Petition for Review of an Order of the Federal Communications Commission

**JOINT OPPOSITION OF SCHOOLS, HEALTH & LIBRARIES BROADBAND COALITION, COMPETITIVE CARRIERS ASSOCIATION, NATIONAL TELECOMMUNICATIONS COOPERATIVE ASSOCIATION, USTELECOM – THE BROADBAND ASSOCIATION, BENTON INSTITUTE FOR BROADBAND & SOCIETY, NATIONAL DIGITAL INCLUSION ALLIANCE, AND CENTER FOR MEDIA JUSTICE, DBA MEDIAJUSTICE TO PETITIONERS' MOTION FOR SUPPLEMENTAL BRIEFING**

Jennifer Tatel
Daniel H. Kahn
Tyler D. Dillon
Wilkinson Barker Knauer LLP
1800 M St. NW, Ste. 800N
Washington, DC 20036
(202) 783-4141
jtatel@wbklaw.com

*Counsel for CCA, NTCA, and USTelecom*

Jason Neal
Sean A. Lev
Mohammad M. Ali
HWG LLP
1919 M St., NW, 8th Floor
Washington, DC 20036
(202) 730-1300
jneal@hwglaw.com

*Counsel for Schools, Health & Libraries Broadband Coalition*

July 17, 2025

*Additional counsel on next page*

Andrew Jay Schwartzman
525 9th Street NW, 7th Floor
Washington, DC 20004
(202) 241-2408

*Counsel for Benton Institute, NDIA, and MediaJustice*

# CERTIFICATE OF INTERESTED PERSONS

**No. 22-60008,** *Consumers' Research, et al. v. Federal Communications Commission and United States of America*

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

(1) Petitioners are: Consumers' Research; Cause Based Commerce, Incorporated; Kersten Conway; Suzanne Bettac; Robert Kull; Kwang Ja Kerby; Tom Kirby; Joseph Bayly; Jeremy Roth; Deanna Roth; Lynn Gibbs; Paul Gibbs; and Rhonda Thomas.

(2) Counsel for Petitioners are: R. Trent McCotter, Jonathan Berry, Michael Buschbacher, and Jared M. Kelson, of Boyden Gray PLLC.

(3) The Federal Communications Commission is a federal agency, and the United States of America is a respondent by statute.

(4) Counsel for the Federal Communications Commission are: P. Michele Ellison, Merrick Garland, Jacob Matthew Lewis, and James Michael Carr. Counsel for the United States of America are: Caroline W. Tan, Courtney Dixon, P. Michele Ellison, Merrick Garland, and Gerard J. Sinzdak.

(5) Schools, Health & Libraries Coalition has intervened in this appeal in support of Respondents. Counsel for Schools, Health & Libraries Coalition are Jason Neal, Sean A. Lev, and Mohammad M. Ali of HWG LLP.

(6) Competitive Carriers Association, National Telecommunications Cooperative Association, and USTelecom – The Broadband Association have intervened in this appeal in support of Respondents. Counsel for Competitive Carriers Association, National Telecommunications Cooperative Association, and USTelecom – The Broadband Association are Jennifer Tatel, Daniel H. Kahn, and Tyler Dillon of Wilkinson Barker Knauer LLP.

(7) Benton Institute for Broadband & Society, National Digital Inclusion Alliance, and Center for Media Justice dba MediaJustice have intervened in this appeal in support of Respondents. Counsel for Benton Institute for Broadband & Society, National Digital Inclusion Alliance, and Center for Media Justice dba MediaJustice is Andrew Jay Schwartzman.

(8) Pursuant to Fifth Circuit Rule 28.2.1, the following describes the "large group of persons or firms" that are "financially interested in the outcome" of this litigation: Petitioners challenge the Federal Communications Commission's approval of the *Proposed First Quarter 2022 Universal Service Contribution Factor*, Public Notice, DA 21-1550, CC Docket

No. 96-45 (rel. Dec. 13, 2021). Telecommunications companies obligated to pay a percentage of their interstate end-user revenues to the Universal Service Fund based on the Contribution Factor are financially interested in the outcome of this litigation. The Universal Service Fund pays for four programs: the "Lifeline/Link Up" program, the "High-Cost" program, the "Schools and Libraries" program, and the "Rural Health Care" program. *See, e.g.*, Federal Communications Commission, *Universal Service Support Mechanisms*, https://www.fcc.gov/consumers/guides/universal-service-support-mechanisms (last visited July 15, 2025). Direct beneficiaries of those programs, providers of services covered by those programs, and many other participants in the overall telecommunications industry are financially interested or potentially interested in the outcome of this litigation.

Dated: July 17, 2025

/s/ Jason Neal

Jason Neal

*Counsel of Record for Schools, Health & Libraries Broadband Coalition*

# INTERVENORS' JOINT OPPOSITION TO PETITIONERS' MOTION FOR SUPPLEMENTAL BRIEFING

On January 5, 2022, Petitioners filed a Petition for Review in this Court seeking review on multiple grounds, including that "Congress's standardless delegation to the FCC of legislative authority to raise and spend nearly unlimited money via the Universal Service Fund violates Article I , section 1 of the U.S. Constitution" and that the FCC impermissibly delegated authority to the Universal Service Administrative Company ("USAC"). Dkt. No. 1-1 at 4-5. In Petitioners' opening brief, they challenged the Fund's "mechanisms for raising revenue" as an undifferentiated whole. Dkt. No. 65-1, at 26; *see also, e.g.*, *id.* at 45 ("the Universal Service Fund's revenue-raising mechanisms violate the nondelegation doctrine"). Decisions in this Court—including both the panel decision denying the petition and the *en banc* decision granting the petition—likewise addressed Petitioners' argument regarding the constitutionality of Congress's overall "delegation to [the] FCC" as well as their argument as to the FCC's reliance on USAC. *Consumers' Rsch. v. FCC*, 109 F.4th 743, 756 (5th Cir. 2024) (en banc), *rev'd sub nom. FCC v. Consumers' Rsch.*, 606 U.S. \_\_\_, 2025 U.S. Lexis 2498 (June 27, 2025).

The Supreme Court's recent decision resolves both of those issues in favor of Respondents. *See FCC v. Consumers' Rsch.*, 2025 U.S. Lexis 2498, at \*45; *see also id.* at \*19 ("We reject each argument, and also reject the Fifth Circuit's combination theory."). Intervenors agree with Respondents that this Court should

deny Petitioners' motion for supplemental briefing focused on two specific subsections of 47 U.S.C. § 254 that Petitioners never presented as developed, independent arguments at any stage of this case (including in Petitioners' submissions before the FCC). As the Supreme Court explained as to this exact point, it had "no occasion to address" those claims because Petitioners did "not argue that Sections 254(c)(3) and (h)(2) are unconstitutional," and did "not advance any arguments that are specific to those provisions." *Id.* at *33 n.9. Rather, Petitioners have "argue[d] that the contribution scheme generally is unconstitutional, and that the contribution factor should be set to zero." *Id.* In fact, as Respondents note in their opposition (at 4-5), Petitioners have repeatedly disclaimed a narrower challenge to specific disbursement-related provisions.

Intervenors support Respondents' arguments that the Court should deny the motion for supplemental briefing both because they did not present these issues to the FCC and because they did not present them as developed arguments in this Court or the Supreme Court. We will not repeat those arguments here. Intervenors instead submit this separate opposition to make the following four points:

First, if the Court requests supplemental briefing, Respondents and Intervenors should retain their rights to raise all available arguments, including that this Court lacks jurisdiction because Petitioners have waived, forfeited, or failed to raise arguments that Sections 254(c)(3) and (h)(2) are unconstitutional.

Second, if the Court requests supplemental briefing, that briefing should be sequential (with Petitioners filing first, followed by Respondents and Intervenors) rather than simultaneous. Even as Petitioners claim that a small number of "reference[s] to" Sections 254(c)(3) and (h)(2) can be found in the briefs, Dkt. No. 372 at 8 n.2, they do not contend that they actually developed any meaningful arguments challenging the constitutionality of those provisions, nor have they done so. If the Court nonetheless grants their motion, the most useful way to brief those issues for the Court's consideration would be for Petitioners to set forth their arguments in full for the first time so that Respondents and Intervenors can provide an informed response.

Third, if the Court requests supplemental briefing, the Court should limit each brief to 6,000 words, rather than the 3,000 words Petitioners propose. *See* Dkt. No. 372, at 8. At the risk of repetition, Petitioners have never developed any arguments specific to the constitutionality of Sections 254(c)(3) and (h)(2), and additional words would be warranted to ensure the parties can address all relevant issues, including both arguments on the merits and arguments as to the substantial jurisdictional and waiver/forfeiture issues presented here.

Finally, the motion should be decided by the original panel. Petitioners mistakenly address their motion for supplemental briefing to "[t]he *en banc* Court," Dkt. No. 372, at 8, but this Court's Internal Operating Procedures under

Fifth Circuit Rule 27 state that "[r]emands from the Supreme Court of the United States are sent to the *original panel* for disposition when the Supreme Court's judgment is received." (emphasis added).

Dated: July 17, 2025

/s/ Jennifer Tatel
Jennifer Tatel
Daniel H. Kahn
Tyler D. Dillon
Wilkinson Barker Knauer LLP
1800 M St. NW, Ste. 800N
Washington, DC 20036
(202) 783-4141
jtatel@wbklaw.com

*Counsel for CCA, NTCA, and USTelecom*

Respectfully submitted,

/s/ Jason Neal
Jason Neal
Sean A. Lev
Mohammad M. Ali
HWG LLP
1919 M St., NW, 8th Floor
Washington, DC 20036
(202) 730-1300
jneal@hwglaw.com

*Counsel for Schools, Health & Libraries Broadband Coalition*

/s/ Andrew Jay Schwartzman
Andrew Jay Schwartzman
525 9th Street NW, 7th Floor
Washington, DC 20004
(202) 241-2408

*Counsel for Benton Institute, NDIA, and MediaJustice*

# CERTIFICATE OF COMPLIANCE

I certify that the foregoing document complies with the requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it has been prepared in 14-point Times New Roman font. I further certify that the foregoing document complies with the requirements of Fifth Circuit Rule 27.4 and Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 737 words according to the word-count feature of Microsoft Word.

/s/ Jason Neal
Jason Neal

# **CERTIFICATE OF SERVICE**

I hereby certify that, on July 17, 2025, the foregoing document was filed with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit. Service was accomplished on all parties or their counsel of record via CM/ECF.

/s/ Jason Neal
Jason Neal