August 29, 2025

**VIA CM/ECF**
Lyle W. Cayce
Clerk of the Court
United States Court of Appeals
for the Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130

      Re:    *Consumers' Research v. FCC*, No. 22-60008

Dear Mr. Cayce:

This letter responds to the Court's August 15, 2025, Order directing the parties to file letter briefs addressing any issues that counsel believe remain in the case.

Intervenors agree with Respondents that there are no issues remaining in this case. As the Supreme Court recognized in its decision rejecting Petitioners' challenge to Section 254 and remanding to this Court, Petitioners did "not argue that Sections 254(c)(3) and (h)(2) are unconstitutional." *FCC v. Consumers' Rsch.*, 145 S. Ct. 2482, 2505 n.9 (2025). Rather, Petitioners argued that the revenue-raising scheme of the Universal Service Fund ("USF") as a whole was unconstitutional. Accordingly, the Court concluded that it had "no occasion to address" any arguments specific to subsections (c)(3) or (h)(2). *Id.*

Petitioners likewise consistently argued in this Court that Section 254 violated the nondelegation doctrine due to a "combination of aspects" of Section 254 "[t]aken together." Pet'rs' En Banc Br. 1-4. They have never argued—in this Court or before the FCC—that any portion of Section 254 standing alone did so. Petitioners have forfeited claims specifically challenging those provisions in this Court, which they are statutorily barred from raising in any event by failing to raise them before the FCC.[1]

To the extent that the Court concludes that any issues do remain in this case, however, Intervenors respectfully submit that the Court should decide the merits based on full, sequential briefing. Just as in any other case, Respondents and Intervenors should brief in response to

---

[1] As this Court has recognized, the "[t]erms waiver and forfeiture—though often used interchangeably by jurists and litigants—are not synonymous." *Rollins v. Home Depot USA, Inc.*, 8 F.4th 393, 397 (5th Cir. 2021). "[F]orfeiture is the failure to make the timely assertion of a right, [while] waiver is the intentional relinquishment or abandonment of a known right." *Id.* (cleaned up). "A party forfeits an argument by . . . failing to adequately brief the argument on appeal. *Id.* A party ordinarily waives an argument by failing to raise it in an initial brief. *See, e.g.*, *Flex Frac Logistics, L.L.C. v. NLRB*, 746 F.3d 205, 208 (5th Cir. 2014). Here, as discussed below, Petitioners did not reference Section (c)(3) or (h)(2) in their panel-stage opening brief and made no argument that either provision independently constituted an improper delegation. Petitioners have therefore waived and/or forfeited their arguments. For simplicity, we use the term forfeiture throughout this brief.

arguments from Petitioners, rather than attempt to predict those arguments and fully respond in advance.

**I.     There Are No Remaining Issues in This Appeal.**

Petitioners argue that the Supreme Court's decision in *FCC v. Consumers' Research* did not resolve "every question before this Court." Pet'rs' Mot. for Suppl. Briefing 5. They are wrong. Petitioners have never, before their short and conclusory motion for supplemental briefing, argued that either Section 254(c)(3) or (h)(2) independently constitutes an improper delegation to the FCC. Petitioners' earlier failure to raise their arguments before the FCC independently means that judicial review specific to those claims is statutorily barred. *See* 47 U.S.C. § 405(a).

   A. *Petitioners Forfeited Their Claims that Section 254(c)(3) and (h)(2) Are Unlawful Delegations of Legislative Power.*

Petitioners assert that the constitutionality of Section 254(c)(3) and (h)(2) was "addressed in the parties' prior briefs, albeit not in extensive detail." Pet'rs' Reply in Supp. of Mot. for Suppl. Briefing 2. But a handful of mentions of these provisions by the parties—over the course of multiple rounds of briefing on Petitioners' broad challenge to USF as a whole—is nowhere near equivalent to Petitioners' having challenged these particular provisions as unconstitutional delegations themselves.

Petitioners never mentioned, let alone addressed in any meaningful way, Section 254(c)(3) or (h)(2) in their petition for review or in the opening brief at the panel stage. Then, in the sixty-seven pages of legal argument comprising their en banc brief, Petitioners referenced Section 254(c)(3) *once*. *See* Pet'rs' En Banc Br. 47. Even in that instance, the subsection was referenced in the context of Petitioners' arguing, in response to Respondents' arguments before the panel, that subsection (c)(3) did not provide a limit to the FCC's general "revenue-raising power." *Id.* Petitioners did not, however, advance an argument that subsection (c)(3) was itself an unlawful delegation. As for subsection (h)(2), Petitioners never cited it at all, let alone argue that it independently constituted an improper delegation. Instead, they focused on their challenge to the USF revenue-raising mechanism as a whole and argued that Section 254(h) "addresses only a miniscule part of the USF and thus *fails to impose a meaningful limit for the program writ-large*." *Id.* at 51 (emphasis added).

Unable to overcome their lack of any specific challenge to Section 254(c)(3) and (h)(2) as unconstitutional, Petitioners suggest that their across-the-board challenge that "Congress failed to impose any … express, objective restrictions that would provide an intelligible principle" for the FCC in exercising "a general grant of revenue-raising power," Opening Br. 40-41, must also encompass a constitutional challenge to these two specific provisions. Pet'rs' Reply in Supp. of Mot. for Suppl. Briefing 3. Not so. The Supreme Court expressly distinguished between the broad challenge to Section 254's revenue-raising mechanism that was before the Court and the separate issue of the constitutionality of Section 254(c)(3) and (h)(2), which Petitioners had not raised. *See Consumers' Rsch.*, 145 S. Ct. at 2505 n.9. There is no basis for a different result in this Court. Just as the Supreme Court concluded, Petitioners' arguments to date as to Section 254

as a whole do not preserve claims relating to the supposed specific infirmities of Section 254(c)(3) or (h)(2).

In the end, Petitioners seek to raise a challenge here that was never before presented to the Supreme Court or this Court. As this Court has repeatedly explained, failure to adequately raise an argument constitutes forfeiture of that argument, and failing to raise it in an initial brief constitutes waiver. *See Rollins*, 8 F.4th 393 at 397; *see also, e.g.*, *DigitalDesk, Inc. v. Bexar Cnty.*, 135 F.4th 1019, 1021 n.2 (5th Cir. 2025); *Flex Frac Logistics, LLC v. NLRB*, 746 F.3d 205, 208 (5th Cir. 2014); *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004). This case is no different.

> B. *Petitioners' Arguments Regarding Section (c)(3) and (h)(2) Are Statutorily Barred Because They Were Not Reasonably Flagged for the FCC's Review.*

47 U.S.C. § 405(a) provides that the filing of a petition for reconsideration before the FCC is not a prerequisite for judicial review, except "where the party seeking such review . . . relies on questions of fact or law upon which the Commission . . . has been afforded no opportunity to pass." Petitioners argue that they adequately presented their arguments regarding the constitutionality of subsections (c)(3) and (h)(2) to the FCC. They are wrong, and their failure to raise these claims to the FCC bars judicial review.

As this Court has recognized, the "central question" when determining whether an argument was properly raised before the FCC under section 405(a) is "whether a reasonable Commission necessarily would have seen the question raised before us as part of the case presented to it." *Worldcall Interconnect, Inc. v. FCC*, 907 F.3d 810, 820 (5th Cir. 2018). The Court must "determine precisely what argument [the petitioner] raises on appeal and what argument [the petitioner] raised before the Commission." *Id*.

Review of the legal arguments in Petitioners' comments to the FCC makes clear that those arguments (unsurprisingly) mirror the arguments that were raised before this Court and that were considered and rejected by the Supreme Court. Petitioners' argument to the FCC, like their argument before this Court and the Supreme Court, was that Section 254 *as a whole* "fail[ed] th[e] properly understood test of nondelegation." JA34. Petitioners' comments, however, lacked any arguments specific to subsections (c)(3) or (h)(2)—or indeed even citations of those provisions. *See* JA37 (arguing that the "uniquely broad delegation" in Section 254 as a whole "upsets [the] balance" between the branches of government, without specifying any particular subsection).

Petitioners argue that they adequately raised their arguments regarding subsections (c)(3) and (h)(2) before the FCC because their comments in the FCC proceedings "described the services at issue in §§ 254(c)(3) and (h)(2)." Pet'rs' Reply in Supp. of Mot. for Suppl. Briefing 5. That is plainly insufficient for purposes of preserving an argument that those provisions in particular raise constitutional concerns separate from those the Supreme Court already disposed of. In particular, the portions of the comments upon which Petitioners rely are all found within the course of two pages in the "Background" section of the comments, and in fact provide no legal argument, let alone an argument specific to subsections (c)(3) or (h)(2). *See* JA7-8.

**II.     Any Ruling on the Merits Should Be Based on Full Briefing and Include Consideration of the Waiver and Forfeiture Issues Raised Here.**

To the extent this Court does not wish to resolve this case now based on the waiver and forfeiture issues raised here, Intervenors respectfully submit that any determination should be made following a full, sequential briefing schedule. This Court has repeatedly recognized the value of full briefing in the context of remands to trial courts of cases presenting novel and/or complex issues. *See, e.g.*, *Luke v. Texas*, 46 F.4th 301, 307 (5th Cir. 2022) (noting that "difficult abrogation questions would benefit from full briefing and initial consideration by the district court."); *Ballentine v. Broxton*, No. 22-50437, 2023 U.S. App. LEXIS 21616, at *3 (5th Cir. Aug. 17, 2023) (unpublished) (complex issues raised in complaint would benefit from full briefing).

Those same considerations apply here, where there are significant issues of waiver and forfeiture that should be part of any further briefing, and, if the Court were to reach the merits, the arguments raised by Petitioners involve issues of substantial importance to the universal service program.

\* \* \* \*

The petition for review should be denied. To the extent the Court determines that issues remain for determination in this appeal, the Court should order full, sequential briefing by the parties on those issues.

Sincerely,

/s/ Jennifer Tatel  
Jennifer Tatel  
Daniel H. Kahn  
Tyler D. Dillon  
Wilkinson Barker Knauer LLP  
1800 M St. NW, Ste. 800N  
Washington, DC 20036  
(202) 783-4141  
jtatel@wbklaw.com  

*Counsel for CCA, NTCA, and USTelecom*

/s/ Andrew Jay Schwartzman  
Andrew Jay Schwartzman  
525 9th Street NW, 7th Floor  
Washington, DC 20004  
(202) 241-2408  
*Counsel for Benton Institute, NDIA, and MediaJustice*

/s/ Jason Neal  
Jason Neal  
Sean A. Lev  
Mohammad M. Ali  
HWG LLP  
1919 M St., NW, 8th Floor  
Washington, DC 20036  
(202) 730-1300  
jneal@hwglaw.com  

*Counsel for Schools, Health & Libraries Broadband Coalition*

cc: All counsel of record (via CM/ECF)

## CERTIFICATE OF SERVICE

I certify that on August 29, 2025, the foregoing document was filed via CM/ECF. Service was effected on all parties or their counsel of record via CM/ECF.

/s/ Jason Neal
Jason Neal